UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARY BROWN

VERSUS

CINC, INC., ET AL

CIVIL ACTION

NO. 08-345-JVP-DLD

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a motion by defendant, Hermitage Insurance Company ("Hermitage"), for summary judgment (doc. 34). The motion is opposed by plaintiff, Mary Brown (doc. 37) and by defendants, CINC, Inc., and Keneshia Pilate (doc. 39). Hermitage has replied to the opposition (doc. 43). Jurisdiction is based on 28 U.S.C. §§ 1331 and 1367. There is no need for oral argument and the matter is now submitted.

### FACTS & PROCEDURAL HISTORY

Prior to her incarceration at the Louisiana Correctional Institute for Women, plaintiff was assigned to a work release facility "known as CINC, Inc., also known as St. Martin dePorres DBA CINC, Inc., also known as CINC, LLC and also known as Cedarwood Work Release Facility" ("CINC"), in Calcasieu Parish (original complaint). According to the complaint, CINC, through its agents and employees, decided to transfer plaintiff to the Louisiana Correctional Institute for Women and then did so on or about June 18, 2007, in a van owned and operated by CINC. (*Id.*).

The complaint further alleges that plaintiff was handcuffed and shackled during transport in the van and was escorted by two employees or agents of CINC: defendants, Milton Brown and Keneshia Pilate.[1]  According to the complaint, Milton Brown, the driver of the van, stopped at a truck stop during the transfer, and, leaving defendant, Pilate, in the van, escorted plaintiff to a restroom where he raped her. (Original complaint).

Plaintiff alleges that, at all times pertinent to this action, defendant, Milton Brown, acted under color of state law.  Plaintiff, therefore, asserts claims against him under 42 U.S.C. § 1983 for violations of her Fourth, Eighth and Fourteenth Amendment rights.  She also asserts: (1) a battery claim against defendant, Milton Brown; (2) a negligence claim against defendant, Keneshia Pilate; and (3) both state law claims against CINC, based under the theory of *respondeat superior*. (Original complaint).

Though Hermitage was not named in the original complaint, plaintiff amended her complaint on October 2, 2008, to allege that Hermitage is liable *in solido* with the other named defendants because it had issued a liability policy to CINC that was in full force and effect at all times pertinent to this action and because the policy covers the acts alleged in the complaint (doc. 20).  Hermitage does not deny that the liability policy was in effect at the time alleged in the

---

[1]Defendant, Keneshia Pilate, was identified in the original complaint only as "Ms. Pilot." Plaintiff, however, amended her complaint on July 16, 2008 to substitute "Keneshia Pilate" for "Ms. Pilot" (doc. 8).

2

complaint, but argues that it excludes the acts alleged in the petition. Accordingly, Hermitage filed the current motion for summary judgment.

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in its favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). "If the defendant in a . . . civil case moves for summary judgment . . . , [the inquiry is] whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Anderson*, 477 U.S. at 252.

In support of its motion for summary judgment, Hermitage submitted a copy of the liability policy that it claims was delivered to CINC. The document bears policy number HGL\506105-07 and contains an endorsement, captioned "Abuse or Molestation Exclusion." That endorsement provides:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
> 2. The negligent:
>    a.  Employment;
>    b.  Investigation;
>    c.  Supervision;
>    d.  Reporting to the proper authorities or failing to so report; or
>    e.  Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1, above.

(Doc. 34, Ex. A, p. 29).

The document submitted by Hermitage also contains an endorsement, captioned "Exclusion – Assault and/or Battery." That endorsement provides:

> Assault and/or battery shall not be deemed an "occurrence" or "injury" under this insurance. The Company shall not be obligated to pay on behalf of or defend the insured for any claim alleging an assault and/or battery no matter how the assault and/or battery is alleged to have occurred.
> It is understood and agreed that this insurance does not apply to "bodily injury" or "property damage" arising or alleged to arise out of:

4

> A) An assault and/or battery caused by or at the instigation or direction of:
> 1. the insured, his agent or employee;
> 2. any patron of the insured; or
> 3. any other person; or
> B) Any act or omission of the insured, his agent or employee in connection with the prevention or suppression of an assault and/or battery or criminal acts by third parties.

(Doc. 34, Ex. A, p. 37).

Plaintiff argues that the policy submitted by Hermitage is not the policy that was delivered to CINC, and asserts that under Louisiana law policy exclusions are not valid unless delivered to the insured as part of the policy (doc. 37 p. 2 (citing *Spain v. Travelers Insurance Co.*, 332 So.2d 827 (La. 1976)). In support of that argument, plaintiff has submitted a policy that, according to the affidavit of Stephanie Boudreaux, records custodian of CINC, is, to the best of her knowledge, the only policy delivered to CINC. (Boudreaux Affidavit, doc. 37-3, pp. 1-2 & Ex. 1). The document submitted by plaintiff bears policy number BINDERGL and does not contain the exclusions at issue in the policy submitted by Hermitage. Affiant states that, to the best of her knowledge, CINC has "never been in possession" of the policy submitted by Hermitage as Exhibit A, and further states that she had never seen that policy until June 8, 2009, when counsel for CINC showed it to her. *Id.*

5

Plaintiff has also submitted the affidavit of Robert Leonards, president of Grex, Inc., the parent company of CINC. Leonards states that he was never notified of the Assault and Battery and/or Abuse and Molestation exclusions contained in the document submitted by Hermitage and further asserts that, had CINC been aware of such exclusions, it would have sought other insurance to cover the excluded risk. (Leonards Affidavit, doc. 37-4).

In *Spain v. Travelers Ins. Co.*, the Louisiana Supreme Court stated:

> Thus, it seems clear that the "legislative policy, as expressed in La.R.S. 22:628, and by similar statutes in other jurisdictions, prohibits the insurer from urging as a defense the breach of any condition which is not in some manner physically made a part of the policy.[2] The object of the statute is to assure full notification to the insured of all relevant provisions of his insurance contract. Furthermore, the legislature has determined this object can be attained only by mandating the actual attachment of such modifying provisions to the insurance policy.

*Spain*, 332 So.2d at 833.

Viewing the above facts in the light most favorable to the non-movant and drawing all reasonable inferences in her favor, the court concludes that a reasonable juror could find that the exclusions cited by Hermitage as a defense to plaintiff's claims were not attached to the policy delivered to CINC. Thus, the court concludes that plaintiff has carried her burden of demonstrating that a genuine issue of material fact exists that precludes summary judgment.

---

[2] La.R.S. 22:628 is now La.R.S. 22:687.

## CONCLUSION

Accordingly, the motion for summary judgment by defendant, Hermitage Insurance Company, is hereby **DENIED**.

Baton Rouge, Louisiana, October 13, 2009.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA